PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of his vehicle striking a hole while he was traveling east on W. Va. Route 33, Putnam County. W. Va. Route 33 is a road maintained by respondent in Putnam County. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on February 23, 2003, at around 9:00 p.m. Claimant was traveling home from church on W. Va. Route 33 in his 1995 Honda Accord. W. Va. Route 33 is a two lane highway in the area of the incident involved with this claim. Claimant testified that he was driving around forty miles per hour with minimal traffic around him. He was driving up a slight incline in the road and around a curve when his vehicle struck a large hole in the road that he had not seen. Claimant’s vehicle sustained damage to both passenger side tires. The damage sustained totaled $337.76.
The position of the respondent is that it did not have actual or constructive notice of the condition on W. Va. Route 33 at the site of the claimant’s accident for the date in question.
Danny Tucker, a transportation crew leader for the respondent in Putnam County, testified that he had no knowledge of any potholes on W. Va. Route 33 near the site of the incident in question here. Mr. Tucker stated that on the date of this incident there were no records of any telephone calls regarding holes along this stretch of road nor any records of maintenance crews repairing holes on this stretch of W. Va. Route 33. He also testified that on the date of this incident there had been a crew out working on snow and ice removal.
The well-established principle of law in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). The Court is of the opinion that the respondent did not have actual or constructive notice of any road hazard on W. Va. Route 33. Respondent did not have ample opportunity to make repairs. Thus, the claimant is not entitled to an award for his losses.
In the instant case, the evidence established that the respondent did not have actual or constructive notice of a hole on W. Va. Route 33 prior to the incident in *172 question. Consequently, there is no evidence of negligence upon which to justify an award. The Court is well aware that during periods of snow and ice removal it is not able to direct its attention to maintain all road hazards, though it does so when it receives notice from the public. Thus, the Court will not impose an impossible duty upon respondent during periods when its attention must be the control of ice and snow on the State’s highways. Therefore, the Court has determined that claimant may not make a recovery for this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.